980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin G. MAINES, Plaintiff/Appellant,
v.
VERMILLION COUNTY CIRCUIT COURT, Defendant/Appellee.
 No. 91-3450.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 8, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Melvin Maines alleges that the Vermillion County Circuit Court violated the Seventh Amendment by failing to provide a jury in his divorce proceeding[1]. The district court dismissed Maine's case sua sponte, finding no entitlement to a jury. For the same reason, we affirm.
 
 
 2
 The Seventh Amendment preserves the right to a civil jury trial as it existed in 1791. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). The Amendment states, "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Amendment's discussion of "suits at common law" refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered." Id. at 41. Before characterizing a cause of action as legal or equitable, we must examine both the historical roots of the action and the nature of the available remedies. Id. at 42.
 
 
 3
 Under this standard, Maines's claim fails. Although, as Maines points out, a divorce proceeding is a "civil" action under Indiana law, it is not a "suit at common law" for the purposes of the Seventh Amendment. Divorce proceedings, which fell under the jurisdiction of the equity courts in 1791, are still considered equitable proceedings today. Dan K. Dobbs, Handbook on the Law of Remedies 25 n. 4 (1973); Spencer W. Symons, Pomeroy's Equity Jurisprudence §§ 1117-1120 (5th ed. 1941). Divorce involves equitable remedies, instead of damages or other relief characteristic of a suit at common law. See Granfinanciera, 492 U.S. at 47-48.
 
 
 4
 Finding no arguable claim under the Seventh Amendment, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Maines also raises claims under the Due Process Clause and the Indiana Constitution, which we decline to address. Maines waived both issues by failing to raise them in the district court